# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-976V
**Filed: April 26, 2016**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | UNPUBLISHED |
| DAVID EGAN, | * | |
| | * | Special Master Gowen |
| Petitioner, | * | |
| | * | |
| v. | * | Attorneys' Fees and Costs. |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

Carol L. Gallagher, Carol L. Gallagher, Esquire, LLC, Linwood, NJ, for petitioner.
Douglas Ross, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 4, 2015, David Egan ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that as a result of receiving an influenza vaccine on October 29, 2014, he developed injuries including rheumatoid arthritis, bladder weakness, and loss of balance lasting greater than six months. Petition at Preamble, filed Sept. 4, 2015. On January 15, 2016, the parties filed a joint status report indicating that they have reached a tentative agreement in this, and requested that the court issue a 15-week order to set deadlines to file a stipulation for an award of compensation. See

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

15-week Order, filed Jan. 15, 2016. The 15-week order was issued on January 15, 2016. Thereafter, respondent filed a stipulation for an award on April 26, 2016.

On April 1, 2016, petitioner filed an application for attorneys' fees and costs. Petitioner requested $17,616.25 in attorneys' fees, $690.19 in attorneys' costs, and $400.00 in reimbursable costs to petitioner pursuant to General Order #9. See Application for Attorneys' Fees and Costs at 3, filed Apr. 1, 2016.

On April 8, 2016, respondent filed a response to petitioner's application, stating that she is "satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case." Response to Attorney's Fees and Costs ("Response") at 2, filed Apr. 8, 2016. Respondent recognized that the determination of reasonable attorneys' fees and costs is within the special master's discretion. See id. (citing Saxton v. Sec'y of HHS, 3 F.3d 1517, 1520 (Fed. Cir. 1993). Nevertheless, respondent averred that "[b]ased on a survey of fee awards in similar cases and her experience litigating Vaccine Act claims . . . a reasonable amount for fees and costs in the present case would fall between $8,000.00 to $12,000.00." Response at 3.

On April 12, 2016, petitioner filed a reply to respondent's response. Petitioner argued, among other things, that based on the unique facts of this case, counsel's request of "$18,706.45 [sic] in attorneys' fees and costs is reasonable." Reply to Response at 3, filed Apr. 12, 2016. Petitioner further stated that "[i]n an effort to avoid further time and expense in this matter, petitioner does not intend to revise her Application for Fees and Costs to include her time expended since April 1, 2016. Id.

The undersigned has reviewed the billing records and documentation of costs in this case and they appear reasonable. Respondent does not specifically identify the "similar cases" upon which her suggested range of attorneys' fees and costs is based. The undersigned believes that the number of hours expended by counsel in preparing a given case is largely due to the individual complexities of the case, rather than to a type of disease or other general category of cases. The time records of counsel provide the best evidence of hours expended, and in this case those hours appear reasonable, as does the hourly rates requested by petitioner's counsel.

Special masters may rely on their prior experience in reviewing fee applications. See Saxton, 3 F.3d at 1521 (citing Farrar v. Sec'y of HHS, 1992 WL 336502 at * 2 - *3 (Cl. Ct. Spec. Mstr. Nov. 2, 1992)). Based upon review of the documentation of the requested attorneys' fees and costs, and based on my experience with the Vaccine Program, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs in the amount of $18,706.44, pursuant to 42 U.S.C. § 300 aa-15(e).

An award should be made as follows:

**(1) in the form of a check jointly payable to petitioner and to petitioner's attorney, Carol L. Gallagher, of Carol L. Gallagher, Esquire, LLC, in the amount of $18,306.44; and**

**(2) in the form of a check payable to petitioner only, in the amount of $400.00.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the cour**t SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.